# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                               1:19-cr-00582 KWR

LANTE PORCHA and
CHAZ ESTRADA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Preserve Right to Jury Trial, filed August 27, 2019 **(Doc. 34)**. Having reviewed the parties' pleadings and considered the controlling law, the Court finds that Defendants' motion is not well-taken and, therefore, is **DENIED**.

Defendants move that this Court (1) instruct the jury that they can return a not guilty verdict if they find Defendants guilty but believe conviction otherwise unjust, and (2) instruct the jury about the sentencing consequences. Defendants attached the proposed instructions to their motion.

In short, both requests are denied because the Tenth Circuit has squarely addressed both arguments and rejected them. *See United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016). Defendants apparently seek a change in Tenth Circuit and United States Supreme Court law. However, this Court is bound by such precedent.

## DISCUSSION

**I.**     **Defendants are Not Entitled to a Jury Nullification Instruction**.

Defendants request that the Court instruct the jurors that they can return a verdict of not guilty if they find Defendants guilty but believe conviction to be unjust. While a jury may choose to disregard the application of law to facts when rendering its verdict, the Tenth Circuit has repeatedly affirmed that a Defendant is not entitled to an instruction advising or encouraging the jury to exercise the power of nullification. *See Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) ("We note here that there is no right to jury nullification."); *United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016); *United States v. Rith*, 164 F.3d 1323, 1339 (10th Cir. 1999) ("To the extent the defendant's appeal seeks to permit jury nullification, the law is clear: a criminal defendant is not entitled to have the jury instructed that it can, despite finding the defendant guilty beyond a reasonable doubt, disregard the law." (citing *United States v. Grismore*, 546 F.2d 844, 849 (10th Cir. 1976))). In *United States v. Gonzalez*, the Tenth Circuit framed the power of nullification as contrary to the juror's oath, and stated that "[w]hile we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath." 596 F.3d 1228, 1237 (10th Cir. 2010) (quoting *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983)). Therefore, Defendants are not entitled to instruct the jury that it may disregard the law.

II.     **Defendants are Not Entitled to a Jury Instruction on Sentencing Information**.

Defendants also request that the Court instruct the jury about the potential sentencing consequences. However, "it is firmly established that when the jury has no sentencing function, as was the case here, it 'should reach its verdict without regard to what sentence might be imposed.'" *United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016), *quoting in part Rogers v. United States,* 422 U.S. 35, 40, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975).

"The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Shannon v. United States*, 512 U.S. 573, 579 (1994). Sentencing information is, therefore, irrelevant to the jury's function unless Congress has indicated a statutory intent for the jury to consider sentencing. *See, e.g.*, *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) ("Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties."). The Tenth Circuit has stated: "The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial . . . . Absent a statutory requirement that the jury participate in the sentencing decision, nothing is left 'for jury determination beyond the guilt or innocence of an accused.'" *United States v. Greer,* 620 F.2d 1383, 1384–85 (10th Cir. 1980) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975); *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)). Thus, "[i]t is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon*, 512 U.S. at 579 (citing *Rogers*, 422 U.S. at 40).

Here, Defendants do not point to any statute requiring jury participation in sentencing for these charges. Therefore, instructing the jury on the consequences of sentencing is improper in this case.

## CONCLUSION

For the reasons above, the Court finds that Defendants' Motion to Preserve Right to Jury Trial is not supported by the current law of the Tenth Circuit, and the Court rejects the proposed jury instructions.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Preserve Right to Jury Trial **(Doc. 34)** is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

_____
KEA W. RIGGS
United States District Judge